1 | Stefan H. Black, Bar No. 284499
sblack@fordharrison.com
2 | Shanda Y. Lowe, Bar No. 278602
slowe@fordharrison.com
3 | **FORD & HARRISON LLP**
350 South Grand Avenue
4 | Suite 2300
Los Angeles, CA 90071
5 | Telephone: 213-237-2400
Facsimile: 213-237-2401
6 |
7 | Attorneys for Defendants
WALMART INC. erroneously sued as
WAL-MART STORES, INC. and WAL-
8 | MART ASSOCIATES, INC.

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ORR, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC. PURSUANT TO 28 §§ 1332, 1441 AND 1446** |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-20, inclusive, | Action Filed: March 15, 2018<br>Date of Removal: April 13, 2018 |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Walmart Inc., erroneously sued as Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively "*Walmart*") file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

I. **INTRODUCTION**

1. Plaintiff John Orr ("*Plaintiff*") filed a complaint on March 15, 2018, in the Superior Court of California, County of Amador, titled "*John Orr v. Wal-Mart*

*Stores, Inc., Wal-Mart Associates, Inc. & Does 1-20*," Case No. 18-CV-10488 (the "***State Court Action***").   (Declaration of Shanda H. Lowe ("***Lowe Decl.***") ¶ 4.)

2.     Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Walmart in this action, is attached to the Declaration of Shanda H. Lowe as **Exhibit A**.  (Lowe Decl. ¶¶ 5-7, Exs. A-B.)

3.     On April 12, 2018, Walmart filed an answer with the Clerk of the Superior Court of California, County of Amador.  (Lowe Decl. ¶ 6, Ex. B.) On April 13, 2018, Walmart's Notice of Removal was filed.

4.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart and/or filed in the State Court Action. To Walmart's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Amador County, or served by any party.  (Lowe Decl. ¶ 7.)

## II.   NATURE OF THE SUIT

5.     The Complaint filed in the State Court Action alleges the following causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act ("***FEHA***"); (2) disability harassment in violation of FEHA; (3)failure to accommodate under FEHA; (4) failure to engage in the interactive process under FEHA; (5)failure to prevent discrimination and harassment under FEHA; (6) retaliation under the California Family Rights Act ("***CFRA***"); (7) intentional infliction of emotional distress; (8) failure to provide meal periods; (9) failure to provide rest periods; (10) failure to permit use of the restroom; (11) failure to timely pay all wages owed; (12) failure to timely pay all wages upon discharge; (13) failure to provide paid sick leave; (14) retaliation under the Cal. Labor Code; (15) inadequate wage statements; (16) unfair labor practices under Business & Professions Code 1720.

/ / /

## III.   BASIS FOR REMOVAL: DIVERSITY

6.      A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Each of these requirements is met in this case.

### A.   Complete Diversity of Citizenship

7.      Plaintiff worked and presumably resides in Amador County, California. (Compl. ¶ 3-4.)  "The place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).  In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California.   Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

8.      "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9.      Walmart Inc., formerly Wal-Mart Stores, Inc., is incorporated under the laws of the State of Delaware.  (Lowe Decl. ¶ 8.)  Walmart Inc.'s principal place of business is in Arkansas.  (Lowe Decl. ¶¶ 9, 12, Ex. C.)  Accordingly, Walmart Inc. is a citizen of Delaware and Arkansas for diversity purposes.

10.     Wal-Mart Associates, Inc., is incorporated under the laws of the State of Delaware.  (Lowe Decl. ¶ 10.)  Wal-Mart Associates Inc.'s principal place of business is in Arkansas.  (Lowe Decl. ¶¶ 11-12, Ex. C.)  Accordingly, Wal-Mart Associates Inc. is a citizen of Delaware and Arkansas for diversity purposes.

11.     Because Plaintiff is a citizen of California and Walmart is a citizen of

1   Delaware and Arkansas, complete diversity exists between the parties.

2       **B.    Amount in Controversy Exceeds $75,000**

3       12.    A defendant's notice of removal need include only a plausible
4   allegation that the amount in controversy exceeds the jurisdictional threshold.
5   Evidence establishing the amount is required only when the plaintiff contests, or the
6   court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co.,*
7   *LLC v. Owens,* S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins.*
8   *Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

9       13.    While Walmart denies any liability to Plaintiff whatsoever, Walmart
10  asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief,
11  that the amount in controversy exceeds $75,000.

12      14.    Plaintiff was employed at Walmart as a Sales Associate until August
13  30, 2017. (Compl. ¶ 4.) Plaintiff alleges that he was regularly scheduled to be
14  relieved for his meal break after his fifth hour of work.  (Compl. ¶11.) Moreover,
15  Plaintiff alleges that he was not timely relieved for his meals or rest breaks and was
16  not paid premiums for late meals. (Compl. ¶¶ 10-11) Plaintiff alleges that he
17  notified a manager of his disabilities when hired and that his need to use the
18  restroom for medical reasons was apparent and obvious. (Compl. ¶ 12.) Plaintiff
19  alleges that Walmart made no attempt to accommodate his disabilities.  (Compl. ¶
20  12.) Plaintiff alleges that on August 29, 2017, he was forced to urinate outside of
21  Walmart's Garden Center because a co-worker was late. (Compl. ¶ 13.)  Plaintiff
22  alleges that on August 30, 2017 he was terminated for "gross negligence" because
23  of the incident on August 29, 2017, but Walmart failed to meal breaks and
24  Plaintiff's disability at that time. (Compl. ¶¶ 14.)  In addition, Plaintiff alleges that
25  he requested but was not paid for sick leave and personal time during a leave of
26  absence due to a broken foot and several missed shifts when he was out sick.
27  (Compl. ¶ 15.)
28  / / /

15.     By this lawsuit, Plaintiff seeks general damages medical expenses, loss of earnings and earning capacity, attorneys' fees and costs, permanent injunction, punitive damages, and such other relief as the court finds proper. (Compl. at Prayer for Relief.)

16.     Plaintiff's hourly rate upon his termination was $11.55. While he was working, Plaintiff worked on average thirty-five hours per week. Based on these facts, Plaintiff is expected to seek at least $12,936 in back pay as of the filing of this notice of removal ($11.55 per hour x 35 hours per week x 32 weeks).

17.     Plaintiff also seeks to recover future wages. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (holding that because the plaintiff was 52 years old, he could potentially recover 13 years' of lost wages). Although Walmart denies such relief would be appropriate, even one year of front pay would equal $21,021 ($11.55 per hour x 35 hours per week x 52 weeks per year).

18.     As such, the amount in controversy with respect to Plaintiff's front pay and back pay claims alone equals $33,957.00.

19.     Plaintiff is also seeking to recover an unspecified amount of damages for emotional distress. The district court decision in *Rivera v. Costco Wholesale Corporation*, No. C 08-02202 CW, 2008 WL 2740399 at *3-4 (N.D. Cal July 11, 2008) is instructive on this point. There, a plaintiff filed a FEHA wrongful termination claim (disability discrimination) but did not specify the amount sought for emotional distress. The Court held that because recent jury verdicts in similar cases exceeded $200,000, the defendant established that the plaintiff's claim surpassed the $75,000 threshold. The same result is warranted here.

20.     Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to California Government Code § 12965(b). (Compl. at Prayer for Relief.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether

the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

21.   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

22.   Plaintiff's waiting time period claim is worth thirty days' pay (approximately $2,425.50) plus attorneys' fees.

23.   Plaintiff seeks an unspecified amount of penalties under PAGA for alleged violations of the California Labor Code. (Compl. ¶ 20-22.)

24.   Plaintiff also seeks open-ended relief as "such other relief as the Court deems proper." Although uncertain in amount, this additional damages claim only

1   serves to increase the amount in controversy.  *See Lewis v. Exxon Mobil Corp.*, 348

2   F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by

3   plaintiff, who prayed for "judgment to be determined by a jury, for all incidental,

4   consequential, compensatory and punitive damages" established that her case met

5   the amount in controversy requirement even though he pled in the complaint that he

6   did not assert a claim in excess of $75,000.)

7       25.   Walmart denies that Plaintiff's claims have any merit.  Walmart also

8   denies that Plaintiff suffered any damages.  However, when the relief sought (*i.e.*,

9   back pay, front pay, medical expenses, attorneys' fees, punitive damages) is taken

10  as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000

11  jurisdictional requirement, exclusive of interest and costs.

12      26.   Thus, this Court has original jurisdiction over the claims asserted by

13  Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C.

14  §§ 1332(a)(1) and 1441(a).

15  **IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

16      27.   Pursuant to 28 U.S.C. § 1446(a), Walmart has attached to this notice

17  and the declaration of Shanda Y. Lowe, all pleadings, process, orders, and all other

18  filings in the state court action.  (Lowe Decl. ¶¶ 5-7, Exs. A-B.)

19      28.   Plaintiff served a copy of the Complaint and the Summons on March

20  16, 2018.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. §

21  1446(b).

22      29.   Walmart will promptly file and serve a notice of removal to the Clerk

23  of Superior Court of California, County of Amador.  (*See* Lowe Decl. ¶ 11, Ex. D.)

24      30.   As required by 28 U.S.C. §1446(d), Walmart will give notice of this

25  removal to Plaintiff.  (Lowe Decl. ¶ 11, Ex. D.)

26  **V.   VENUE**

27      31.   This action was brought and is pending before the Superior Court of

28  California, Amador County.

1      32.    Amador County, California is located within the Eastern District of

2  California.

3      33.    Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is

4  the "district and division embracing the place where [Plaintiff's] action is pending."

5  28 U.S.C. §1441(a), & 1446(a).

6      34.    Pursuant to Local Rule 120(d), this action should be assigned to a

7  judge sitting in the District Court Sacramento or Redding, California because it

8  arises in Amador County.

9  **VI.   CONCLUSION**

10      WHEREFORE, Walmart Inc. and Wal-Mart Associates, Inc. pray that the

11  Court will remove this civil action from the Superior Court of the State of

12  California, Amador County, to the United States District Court for the Eastern

13  District of California.  By removing the action to this Court, Walmart does not

14  waive any defenses, objections, or motions available to it under state or federal law.

Dated:  April 13, 2018

Respectfully submitted,

FORD & HARRISON LLP

By: _____

Stefan H. Black
Shanda Y. Lowe
Attorneys for Defendants
WALMART INC. erroneously sued
as WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.

## CERTIFICATE OF SERVICE

I, Alma Collins, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On April 13, 2018, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS WALMART INC. AND WAL-MART STORES, INC. PURSUANT TO 28 §§ 1332, 1441 AND 1446**

☐  **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐  **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒  **BY OVERNIGHT MAIL:** By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for delivery.

Kerry L. Krueger                          Attorneys for Plaintiff
Jamie M. Bossuat                         JOHN ORR
Kroloff, Belcher, Smart, Perry
 & Christopherson
7540 Shoreline Drive
Stockton, CA 95219

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 13, 2018, at Los Angeles, California.

_Alma Collins_
Alma Collins

WSACTIVELLP:9734194.1