KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
A Professional Law Corporation
Kerry L. Krueger, SBN 247496
Jamie M. Bossuat, SBN 267458
7540 Shoreline Drive
Stockton, CA 95219
Phone: (209) 478-2000
Facsimile: (209) 478-0354

Attorneys for Plaintiff John Orr

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ORR, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation;<br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and<br>DOES 1-20, inclusive<br><br>　　　　　Defendants. | CASE NO. 2:18-CV-00914-JAM-AC<br><br>**STIPULATION AND ORDER APPROVING PAGA SETTLEMENT**<br><br>Complaint Filed: March 15, 2018<br>Trial Date:　October 21, 2019 |

## I. **INTRODUCTION**

Plaintiff John Orr ("Orr") and Defendants Walmart Inc., erroneously sued as Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc., ("Walmart") have reached a settlement of Plaintiff's claims, including those brought under the California Labor Code Private Attorney General Act ("PAGA") and now stipulate to and request that the court enter an order approving the PAGA settlement. The settlement attributes $1,000 to PAGA penalties. This amount is fair and adequate and consistent with the purposes of the PAGA statute as discussed in additional detail herein.

///

///

## II. PROCEDURAL HISTORY

The Complaint was filed on March 15, 2018 in California Superior Court in the County of San Joaquin. Doc. 2, Exhibit A. Walmart filed an Answer in Superior Court and then removed the case to the Federal District Court for the Eastern District of California based upon a diversity of citizenship. Doc. 2, Exhibit B. The Case is set for trial on October 21, 2019. The parties have exchanged written discovery and plaintiff John Orr has been deposed.

Following a private mediation with Retired Judge Hurl Johnson and ongoing settlement discussions, the parties have now reached a settlement. A redacted copy of the Settlement Agreement is attached hereto as Exhibit "A" and was submitted to the Labor and Workforce Development Department at the time this Stipulation was filed.

## III. FACTS

Orr was employed at Walmart from approximately November 24, 2008 until August 30, 2017 at the Wal-Mart store located at 10355 Wicklow Way, Jackson, California, when he was terminated for alleged "gross misconduct." Orr was an hourly non-exempt employee and his last job title was Sales Associate. His final pay rate was $11.55 per hour.

Orr's Complaint alleges sixteen causes of action arising from his pay and termination: (1) Disability Discrimination under California's Fair Employment and Housing Act ("FEHA"); (2) Disability Harassment under the FEHA; (3) Failure to Accommodate under the FEHA; (4) Failure to Engage in the Interactive Process under the FEHA; (5) Failure to Prevent Harassment and Discrimination under the FEHA; (6) Retaliation under the California Family Rights Act ("CFRA"); (7) Intentional Infliction of Emotional Distress; (8) Failure to Provide Meal Periods; (9) Failure to Provide Rest Periods; (10) Failure to Permit Use of the Restroom; (11) Failure to Timely Pay All Wages Owed; (12) Failure to Timely Pay All Wages Upon Discharge; (13) Failure to Provide Paid Sick Leave; (14) Retaliation under the California Labor Code; (15) Inadequate Wage Statements; and (16) Unfair Labor Practices under Business and Professions Code section 17200.

The 8th, 9th, 10th, 11th, 12th, 13th and 15th Causes of Action seek PAGA penalties. The remaining causes of action allege only individual claims for Orr.

The disability-related claims relate to an August 29, 2017 incident in which Orr (who suffers from seizures, prostate problems and bladder issues) urinated just outside the Garden Center because he did not want to leave his station until he was relieved by another associate, who was running late. Walmart terminated Orr's employment the following day for gross misconduct. Orr alleges that Walmart terminated him because of his various disabilities. Walmart asserts that it terminated Orr for legitimate business reasons.

In addition to the August 29, 2017 incident, Orr's alleges that he was denied timely meal and rest breaks on other occasions throughout his employment and that he was not properly paid sick leave and accrued personal time off.

Walmart contends that Orr was paid properly throughout his employment and that its leave of absence policies complied with California law. Documents produced in discovery demonstrate that Walmart had valid policies in place and that Orr's complaints are unique to him and there is no systematic issue affecting multiple employees.

**IV.    LEGAL STANDARD FOR APPROVAL OF PAGA SETTLEMENTS**

California Labor Code section 2699(l)(2) provides: "[T]he superior court shall review and approve any settlement of any civil action filed pursuant to this part." Although the statute does not provide a standard of review, several federal district courts have addressed this issue. These Courts have indicated that a settlement should be approved if it is "fair and adequate in view of the purposes and policies of the statute," *O'Connor v. Uber Technologies* (N.D. Cal. 2016) 201 F.Supp.3d 1110, "genuine and meaningful, [and] consistent with the underlying purpose of the statute to benefit the public," *Viceral v. MInstras Group, Inc.* (N.D. Cal. Oct. 11, 2016) 2016 WL 5907869 *9. The Purpose of PAGA, as described by the legislature is to "achieve maximum compliance with state labor laws" and to "ensure an effective disincentive for employers to engage in unlawful and anticompetitive business practices." 2003 Cal. Legis. Serv. Ch. 906 § 1(a). There is no fixed percentage that must be allocated to PAGA under this standard and Courts have approved PAGA penalties in percentages significantly less than the 2.22% present in this case. See, e.g., *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *1 (N.D. Cal. Aug. 8, 2008) (approving a PAGA

settlement of 0.3% or $1,500); *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575, at *3 (E.D. Ca1. Oct. 31, 2012) (approving a PAGA settlement of 0.27%); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562 (2010), review denied (Feb. 16, 2011) (PAGA claims may be settled without any money allocated to those claims).

**V.     LEGAL ANALYSIS OF ORR'S INDIVIDUAL AND PAGA CLAIMS**

Orr's first seven causes of action relate to his claims of disability discrimination and failure to accommodate. These causes of action pertain specifically to plaintiff and do not seek PAGA penalties. Orr's eighth, ninth, and tenth claims relate to meal and rest breaks and use of the restroom and seek PAGA penalties. The eleventh, twelfth, and fifteenth causes of action are derivative claims for failure to properly pay meal and rest period premiums, to pay all wages due upon discharge, and to provide accurate wage statements. These causes of action also seek PAGA penalties. The thirteenth cause of action alleges a failure to provide paid sick leave in compliance with California Labor Code section 246.5 and seeks PAGA penalties. The fourteenth cause of action alleges retaliation for utilizing paid sick leave and is an individual claim. The sixteenth cause of action alleges unfair business practices and is an individual claim.

Based upon the totality of the claims alleged, facts developed in discovery, and relevant recent legal authority, a $1,000.00 allocation to plaintiff's PAGA claims is fair and reasonable and satisfies the purposes of the PAGA statute, as discussed below.

**A. Plaintiff's Individual Claims.**

Orr's individual claims are the most complex aspect of this matter and are the most heavily disputed. With regard to his disability-related claims, Orr contends that Walmart was aware of his disability and that he told one of his initial supervisors about his disability. With regard to retaliation, Walmart's motivation for Orr's termination is disputed. Both of Orr's individual claims will require testimony of multiple employees and witnesses in order to establish both knowledge of Orr's disability and any improper discriminatory intent toward Orr. These claims will also require an assessment of discipline imposed on similarly situated employees. The litigation of these factually complex claims would consume a significant

portion of the parties time and resources throughout this litigation and ultimately at trial as well. Consequently, it is fair and reasonable to allocate the vast majority of the settlement amount to these claims.

### B. Plaintiff's PAGA Claims

Orr's meal break, rest break, and restroom claims are not as factually complicated. Walmart produced time and attendance records indicating that the majority of the time, Orr received his meal breaks within the required time frame and that Orr has previously been disciplined for failing to timely take his breaks. Walmart produced legally compliant meal and rest break policies. The written discovery did not uncover evidence of a systematic problem affecting multiple employees with regard to meal and rest breaks, use of the restroom, or use of sick leave. Although the parties dispute whether Walmart's sick leave policy is legally compliant, at least one district court has recently dismissed PAGA claims brought under California's paid sick leave law, calling penalties for this claim into question. *Stearne v. Heartland Payment Sys. LLC*, No. 2:17-cv-01181-MCE-CKD, 2018 U.S. Dist. LEXIS 20679 (E.D. Cal. Feb. 6, 2018) (England, M.). Based upon the documents produced, the nature of the claims, and this case, plaintiff's PAGA claims are of minimal value.

As a result of the foregoing, an apportionment of $1,000.00 to Plaintiff's PAGA claims is reasonable and reflects the value of these claims.

## VI. STIPULATION

Orr and Walmart, through their respective attorneys of record hereby stipulate that, based on the foregoing, a $1,000.00 allocation to PAGA is reasonable and appropriate. The parties therefore respectfully request that this Court enter an Order approving the settlement of Orr's PAGA claims for $1,000.00.

Dated: June 17, 2019　　　　　　　　　　KROLOFF, BELCHER, SMART,
　　　　　　　　　　　　　　　　　　　　　PERRY & CHRISTOPHERSON
　　　　　　　　　　　　　　　　　　　　　A Professional Law Corporation


　　　　　　　　　　　　　　　　　　　　　By: /s/ Jamie Bossuat
　　　　　　　　　　　　　　　　　　　　　　　　JAMIE M. BOSSUAT
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff John Orr

| | |
|---|---|
| Dated: June 17, 2019 | FORD & HARRISON LLP<br><br>By: __/s/ Stephan H. Black_____<br>     Stephan H. Black<br>     Shanda Y. Lowe<br>Attorneys for Defendants WALMART INC. erroneously sued as WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC. |

## **ORDER**

Having read and considered the foregoing and based upon the stipulation of the parties, the settlement reached by the Parties allocating $1,000.00 to Plaintiff's California Labor Code Private Attorney General Act claims is APPROVED.

| | |
|---|---|
| Date: June 17, 2019 | /s/ John A. Mendez<br>UNITED STATES DISTRICT COURT JUDGE |